KAREN P. HEWITT
United States Attorney
JEFFREY D. MOORE
Assistant United States Attorney
California State Bar No. 240595
Federal Office Building
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-7171
Email: Jeffrey.Moore@usdoj.gov

Attorneys for Plaintiff
United States of America

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Criminal Case 08cr1809 BEN |
| Plaintiff, ) | Honorable Roger T. Benitez |
| ) | Courtroom: 3 |
| v. ) | Date: July 7, 2008 |
| ) | Time: 2:00 p.m. |
| ALFREDO SEPULVEDA-IRIBE, ) | **UNITED STATES' RESPONSE AND OPPOSITION TO DEFENDANT'S MOTIONS TO:** |
| Defendant. ) | |
| ) | **1)  COMPEL DISCOVERY; AND** |
| ) | **2)  GRANT LEAVE TO FILE FURTHER MOTIONS.** |
| ) | |
| ) | **TOGETHER WITH STATEMENT OF FACTS, MEMORANDUM OF POINTS AND AUTHORITIES; AND THE UNITED STATES' MOTIONS FOR:** |
| ) | **(1) RECIPROCAL DISCOVERY; AND** |
| ) | **(2) FINGERPRINT EXEMPLARS** |
| _____ ) | |

    COMES NOW the plaintiff, United States of America, by and through its counsel, Karen P. Hewitt, United States Attorney, Jeffrey D. Moore, Assistant United States Attorney, and hereby files the attached memorandum of points and authorities in Response and Opposition to Defendant's above-referenced motions and files its Motion for Reciprocal Discovery. This response is based

upon the files and records of this case.

## I

## STATEMENT OF THE CASE

On April 4, 2008, Alfredo Sepulveda-Iribe ("defendant") waived indictment and was arraigned on a three count Information charging 3 counts of Illegal Entry into the United States, in violation of Title 8 U.S.C. § 1325. On May 27, 2008, defense counsel Marc X. Carlos appeared and raised concerns regarding defendant's competency. As a result, a competency hearing was set for June 26, 2008. On June 4, 2008, a grand jury returned a one-count indictment charging defendant being a Deported Alien Found In the United States, in violation of Title 8 U.S.C. § 1326. On June 16, 2008, the parties appeared before the Honorable Roger T. Benitez for Motion Hearing/Trial Setting. On this date, defendant was arraigned on the Indictment and entered a plea of not guilty. The Court then set a Motion Hearing/Status date for July 7, 2008, to follow the competency hearing.

## II

## STATEMENT OF FACTS

On or about March 10, 2008, Border Patrol Agents Kobylecka and Lee were on duty in the Campo Border Patrol Station area.[1] Around 2:15 pm, Agent Lee responded to a seismic intrusion activation device in an area known as "La Gloria Canyon." The "La Gloria Canyon" area is about two hundred yards north of the U.S./Mexico Border. Based on its proximity to the Border, this area is known for the crossing of illegal immigrants and contraband into the U.S.

When Agent Lee responded to the area he found fresh footprints which he followed for about one and a half hours. At around 4:00 pm, Agent Lee saw a person in an open area to the north of him. At that time, Agent Kobylecka was positioned north of this person and tried to make contact with him. When Agent Kobylecka attempted to contact this person, he ran south but stopped when he saw other Agents in the area. Agent Kobylecka approached, identified herself as a Border Patrol Agent and questioned him as to his citizenship. This person, later identified as Alfredo Sepulveda-Iribe

---

[1] Statement of Facts taken from the investigative reports relating to the instant case.

1  ("defendant"), said he was a Mexican citizen without proper documents to legally enter or remain in the
2  U.S. Defendant was then arrested and transported to the Campo Border Patrol Station for processing.
3      At the station, records checks and fingerprint results confirmed defendant's identity and
4  provided information relating to his immigration and criminal history. At approximately 8:18 pm on
5  March 10, 2008, defendant was read his Miranda rights. Defendant indicated that he understood his
6  rights and invoked his rights to counsel and to remain silent.

## III

## POINTS AND AUTHORITIES

### A.    DEFENDANT'S MOTION TO COMPEL DISCOVERY

10     To date, the Government has produced 95 pages of discovery to defendant. This
11 discovery includes the reports of the arresting agents, deportation and conviction documents relating
12 to defendant, and defendant's criminal history rap sheets. In addition,1 audio CD has been
13 discovered to defendant.

14     The Government recognizes and acknowledges its obligation pursuant to Brady v. Maryland,
15 373 U.S. 83 (1963), the Jencks Act, and Rules 12 and 16 of the Federal Rules of Criminal Procedure.
16 The Government has complied and will continue to comply with its discovery obligations going
17 forward. To date, the Government has received no reciprocal discovery.

18     As to exculpatory information, the United States is aware of its obligations under Brady v.
19 Maryland, 373 U.S. 83 (1963) and Giglio v. United States, 405 U.S. 150 (1972) and will comply.
20 The United States will also produce any evidence of bias/motive, impeachment or criminal
21 investigation of any of its witnesses of which it becomes aware. An inquiry pursuant to United
22 States v. Henthorn, 931 F.2d 29 (9th Cir. 1991) will also be conducted.

23     The United States will provide a list of witnesses in its trial memorandum. The grand jury
24 transcript of any person who will testify at trial will also be produced.

25     The United States has provided information within its possession or control pertaining to the
26 prior criminal history of defendant. If the Government intends to offer any evidence under
27 Rule 404(b) of the Federal Rules of Evidence, it will provide notice promptly to defendant. The
28

1  United States will produce any reports of experts that it intends to use in its case-in-chief at trial or
2  such reports as may be material to the preparation of the defense.
3      In sum, the Government has already produced charging documents, investigative reports, an
4  audio CD, prior deportation and conviction documents, and defendant's criminal history rap sheets.
5  To the extent defendant requests specific documents or types of documents, the Government will
6  continue to disclose any and all discovery required by the relevant discovery rules. Accordingly, the
7  Government respectfully requests that no orders compelling specific discovery by the United States
8  be made at this time.
9  **D.**    **DEFENDANT'S MOTION FOR LEAVE TO FILE ADDITIONAL MOTIONS**
10     The Government does not object to the granting of leave to file further motions as long as the
11 further motions are based on newly discovered evidence or discovery provided by the Government
12 subsequent to the instant motion at issue.
13     **IV**
14 **GOVERNMENT'S MOTION FOR RECIPROCAL DISCOVERY SHOULD BE GRANTED.**
15 **A.**    **All Evidence That Defendant Intends To Introduce In His Case-In-Chief**
16     Since the Government will honor defendant's request for disclosure under Rule 16(a)(1)(E),
17 the Government is entitled to reciprocal discovery under Rule 16(b)(1). Pursuant to Rule 16(b)(1),
18 requests that defendant permit the Government to inspect, copy and photograph any and all books,
19 papers, documents, photographs, tangible objects, or make copies or portions thereof, which are
20 within the possession, custody, or control of defendant and which defendant intends to introduce as
21 evidence in her case-in-chief at trial.
22     The Government further requests that it be permitted to inspect and copy or photograph any
23 results or reports of physical or mental examinations and of scientific tests or experiments made in
24 connection with this case, which are in the possession and control of defendant, which he intends to
25 introduce as evidence-in-chief at the trial, or which were prepared by a witness whom defendant
26 intends to call as a witness. The Government also requests that the Court make such order as it
27 deems necessary under Rules 16(d)(1) and (2) to ensure that the Government receives the reciprocal
28 discovery to which it is entitled.

**B.      Reciprocal Jencks – Statements By Defense Witnesses (Other Than Defendant)**

Rule 26.2 provides for the reciprocal production of Jencks material. Rule 26.2 requires production of the prior statements of all witnesses, except a statement made by defendant. The time frame established by Rule 26.2 requires the statements to be provided to the Government after the witness has testified. However, to expedite trial proceedings, the Government hereby requests that defendant be ordered to provide all prior statements of defense witnesses by a reasonable date before trial to be set by the Court. Such an order should include any form in which these statements are memorialized, including but not limited to, tape recordings, handwritten or typed notes and reports.

**V**

**THE GOVERNMENT'S MOTION FOR
FINGERPRINT EXEMPLARS SHOULD BE GRANTED.**

Part of the United States' burden of proof in this case is to satisfy the jury that Defendant was an alien, previously deported, and without permission to reenter the United States. To make that showing, the United States may call an expert in fingerprint identification to match Defendant's fingerprints to relevant evidence. The most efficient and conclusive manner of establishing this information is to permit the expert witness himself to take a set of Defendant's fingerprints for comparison.

A defendant's fingerprints are not testimonial evidence. See Schmerber v. California, 384 U.S. 757 (1966). Using identifying physical characteristics, such as fingerprints, does not violate a defendant's Fifth Amendment right against self-incrimination. United States v. DePalma, 414 F.2d 394, 397 (9th Cir. 1969); Woods v. United States, 397 F.2d 156 (9th Cir. 1968); see also United States v. St. Onge, 676 F. Supp. 1041, 1043 (D. Mont. 1987). The United States therefore requests that this Court order that defendant make himself available for fingerprinting by the United States.

//
//
//
//
//

## VI.

## **CONCLUSION**

For the foregoing reasons, the United States respectfully requests that defendant's motions be denied except where not opposed, and that the Court grand the United States' motions for reciprocal discovery and for fingerprint exemplars.

DATED: June 24, 2008.

                                                Respectfully Submitted,

                                                KAREN P. HEWITT
                                                United States Attorney

                                                S/ Jeff Moore
                                                JEFFREY D. MOORE
                                                Assistant United States Attorney
                                                Attorneys for Plaintiff
                                                United States of America
                                                Email: Jeffrey.Moore@usdoj.gov

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) Criminal Case No. 08cr1809 BEN |
| | ) |
| Plaintiff, | ) |
| | ) **CERTIFICATE OF SERVICE** |
| v. | ) |
| | ) |
| ALFREDO SEPULVEDA-IRIBE, | ) |
| Defendant. | ) |
| | ) |

IT IS HEREBY CERTIFIED THAT:

I, JEFFREY D. MOORE, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action. I have caused service of **GOVERNMENT'S RESPONSE AND OPPOSITION TO DEFENDANT'S MOTIONS TO:**

**1)    COMPEL DISCOVERY; AND**

**2)    GRANT LEAVE TO FILE FURTHER MOTIONS; ALONG WITH**

**the United States' Motions for Reciprocal Discovery and for Fingerprint Exemplars.**

on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

Marc X. Carlos

I hereby certify that I have caused to be mailed the foregoing, by the United States Postal Service, to the following non-ECF participants on this case:

**None**

the last known address, at which place there is delivery service of mail from the United States Postal Service.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 24, 2008           s/ Jeff Moore

                                                                  JEFFREY D. MOORE